UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMIR JABER, <br><br> Plaintiff, <br><br> v. <br><br> COMPLETE PAYMENT RECOVERY SERVICES, INC., <br><br> Defendant. | **MEMORANDUM & ORDER** <br> 22-CV-02689 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Samir Jaber commenced this lawsuit against Defendant Complete Payment Recovery Services, Inc. by filing a summons and complaint in the Civil Court of the City of New York, Queens County on April 8, 2022.  *See* ECF No. 1-2 at 5.  Defendant removed the case to this Court, invoking federal question jurisdiction with respect to Plaintiff's claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") and supplemental jurisdiction with respect to Plaintiff's claims based on New York statutory and common law.  *See* ECF No. 1 at 2–3. Plaintiff has requested a pre-motion conference seeking permission to file a motion to remand the case to state court on the ground that Plaintiff's FDCPA claims do not meet the requirements of Article III standing expressed by the U.S. Supreme Court in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).  *See* ECF Nos. 6, 10.  Defendant has also requested a pre-motion conference on Plaintiff's proposed motion for remand.  *See* ECF No. 8.  For the reasons described below, the Court denies the parties' request for a conference because it has enough information to decide Plaintiff's proposed motion to remand based on the parties' current filings.  The Court remands this case to the Civil Court of the City of New York, Queens County because Plaintiff lacks standing to assert his claims in federal court.

**FACTUAL BACKGROUND**

Plaintiff asserts claims under the FDCPA and Section 349 of New York's General Business Law, along with common law claims for negligence. *See* ECF No. 1-2 ¶¶ 37–123. Plaintiff alleges that he received a letter from Defendant on June 1, 2021, asserting that he owed a debt of $275.76 to non-party Certegy Payment Solutions, LLC. *Id.* ¶¶ 21–23. The letter purported to be Defendant's "**FIRST NOTICE**" to Plaintiff related to this alleged debt. *Id.* ¶ 24. Plaintiff further alleges that he received another letter from Defendant on June 26, 2021, regarding the exact same debt, which also purported to be a "**FIRST NOTICE**." *Id.* ¶ 25.

Plaintiff alleges that Defendant violated the FDCPA by sending two letters within a 30-day period, each purporting to be the "**FIRST NOTICE**," because those letters risked creating confusion about whether Plaintiff was entitled to dispute the debt during that 30-day period, as permitted by the FDCPA. *Id.* ¶¶ 93–112 (citing 15 U.S.C. § 1692g(b)). Plaintiff further alleges that sending two letters about the same debt, each labeled "**FIRST NOTICE**," would confuse "[t]he least sophisticated consumer" and therefore violates the FDCPA's prohibition on using a "false, deceptive, or misleading representation . . . in connection with the collection of any debt." *Id.* ¶¶ 113–22 (citing 15 U.S.C. §§ 1692e, 1692e(10)).

Plaintiff's remaining claims relate to his allegation that Defendant does not directly send debt collection letters to customers but instead relies on a third-party company to prepare and send the letters. *Id.* ¶¶ 26, 29. Plaintiff alleges that as a result of this relationship, Defendant shared with the third party his "personal and private information[,] including personal identifying data." *Id.* ¶¶ 27–28. Plaintiff alleges that Defendant's sharing of his personal information in this manner: (i) amounted to a "deceptive act[] and unlawful practice[]" that violated Section 349 of New York's General Business Law, (ii) violated the FDCPA, and (iii) rose to the level of both

ordinary negligence and negligence *per se* because of these alleged statutory violations. *Id.* ¶¶ 42, 57, 62–67, 76.

Plaintiff seeks only "statutory damages of up to $1,000.00 plus costs and attorney's fees" for Defendant's alleged violations of the FDCPA. *Id.* ¶ 58; *see also id.* at 14. His complaint neither alleges nor specifies any actual damages for those claims. *See id.* ¶¶ 46–58, 79–123. He seeks damages for his New York General Business Law and negligence claims that are expressly limited by "the jurisdictional limits of" the Civil Court of the City of New York, Queens County. *Id.* at 14–15. At the time Plaintiff filed his complaint, the jurisdictional limit of that court was $50,000. N.Y. Const. art. VI, § 15(b).

Plaintiff commenced his lawsuit by filing it in state court on April 8, 2022. *See* ECF No. 1-2 at 5. Plaintiff served his summons and complaint on Defendant on April 19, 2022, and Defendant timely removed the case to this Court on May 9, 2022. *See* ECF No. 1 at 1; 28 U.S.C. § 1446(b)(1). Defendant cited federal question jurisdiction as the sole basis for removal. *See* ECF No. 1 at 2 (citing 28 U.S.C. § 1331). On May 13, 2022, Plaintiff filed a letter seeking a pre-motion conference to discuss a proposed motion to remand the case to state court, arguing that federal question jurisdiction did not exist because Plaintiff's FDCPA claim, his sole federal claim, did not satisfy the Article III standing requirement established by the Supreme Court in *TransUnion*. *See* ECF No. 6 at 1. Plaintiff also mentioned his intent to recover "just costs and actual expenses, including attorney fees" associated with Defendant's removal of the case. *See id.* at 1 (citing 28 U.S.C. § 1447(c)). Defendant filed a responsive letter arguing that the allegations in Plaintiff's complaint are sufficient to establish standing according to the *TransUnion* standard. *See* ECF No. 8 at 2–3.

3

The Court finds it appropriate to treat the parties' pre-motion letters as Plaintiff's motion for remand. Further briefing is unnecessary because, as explained below, the clear consensus of decisions in this District applying *TransUnion* to FDCPA claims demonstrates that Defendant's assertion of jurisdiction "clearly lack[s] merit." *See Int'l Code Council, Inc. v. UpCodes Inc.*, No. 21-826-cv, 2022 WL 3008706, at *3–4 (2d Cir. July 29, 2022). Furthermore, granting Plaintiff's motion for remand does not dispose of Plaintiff's claims or any of Defendant's defenses because the parties may continue to litigate the merits of Plaintiff's claims in state court. *See id.*

## LEGAL STANDARD

"The removing defendant has the burden of establishing federal jurisdiction." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019). When a federal court lacks subject matter jurisdiction to adjudicate a removed case, the proper remedy is to remand the case to state court rather than to dismiss the plaintiff's claims. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014). A court may remand on such grounds "'at any time before final judgment'" after the jurisdictional defect has been raised. *Id.* (quoting 28 U.S.C. § 1447(c)).

The Supreme Court has emphasized that plaintiffs must establish standing by demonstrating a "concrete harm" with "a close historical or common-law analogue for their asserted injury," rather than merely a "defendant's violation of [a] statutory prohibition or obligation" established by Congress. *TransUnion*, 141 S. Ct. at 2204–05. The Court explained

4

that Congress cannot "enact an injury into existence" simply by passing a statute that affords an otherwise "uninjured plaintiff" the right to sue for statutory damages. *Id.* at 2205–06. In particular, the Court held that certain class members lacked standing because they merely established that they were "deprived . . . of their right to receive information in the format required by statute," in that case the Fair Credit Reporting Act. *Id.* at 2209, 2213–14. The Second Circuit has extended *TransUnion's* "concrete harm" requirement to state law claims and held "that in suits for damages plaintiffs cannot establish Article III standing by relying entirely on a statutory violation or risk of future harm." *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021).

## DISCUSSION

For the reasons explained below, the Court lacks federal question jurisdiction over Plaintiff's FDCPA claims because the allegations in Plaintiff's complaint do not amount to a concrete injury sufficient to confer standing. The same standing defects would preclude the Court from exercising diversity jurisdiction over Plaintiff's state law claims. Even if Plaintiff could demonstrate standing for his state law claims, they independently fail the amount-in-controversy requirement for diversity jurisdiction.

### I. The Court Lacks Federal Question Jurisdiction Over Plaintiff's FDCPA Claims.

Defendant asserts that its alleged disclosure of Plaintiff's personal information to a third-party vendor is sufficiently similar to the "disclosure of private information," which *TransUnion* identifies as a type of harm "traditionally recognized as providing a basis for lawsuits in American courts." ECF No. 8 at 2–3 (quoting *TransUnion*, 141 S. Ct. at 2204) (internal quotation marks omitted). Defendant identifies no other ground on which Plaintiff purportedly suffered a concrete harm. *See id.* However, this exact theory of harm, which is known as the

5

"mailing vendor theory," has already been rejected in this District as insufficient to establish standing. *See In re FDCPA Mailing Vendor Cases*, 551 F. Supp. 3d 57, 63–65 (E.D.N.Y. 2021). Courts in this District faced with removed FDCPA cases based on the same theory have unanimously followed this holding and remanded those cases to state court. *See, e.g.*, *Cavazzini v. MRS Assocs.*, 574 F. Supp. 3d 134, 141–43 (E.D.N.Y. 2021); *Soto v. Fin. Recovery Servs., Inc.*, No. 21-cv-5524, 2022 WL 203657, at *1 (E.D.N.Y. Jan. 21, 2022); *Devitt v. Portfolio Recovery Assocs., LLC*, No. 21-cv-5657, 2022 WL 1460278, at *1 (E.D.N.Y. May 9, 2022). Defendant has not acknowledged these cases or attempted to distinguish them. *See* ECF No. 8. In fact, Defendant has not cited a single case decided after *TransUnion* and has therefore identified no case suggesting that standing exists under these circumstances. *See id.*

The Court adopts the reasoning in these decisions as to why a debt collector's disclosure to its mailing vendor of a debtor's personal information does not trigger the concrete harm necessary to establish standing. First, such an argument is all but foreclosed by the Supreme Court's decision in *TransUnion*, in which the Court explained that a credit reporting agency's similar disclosure of information to its "'printing vendors'" did not rise to the level of defamation. *In re FDCPA Mailing Vendor Cases*, 551 F. Supp. 3d at 64 (quoting *TransUnion*, 141 S. Ct. at 2210 n.6). Second, a debt collector's sharing of such information does not constitute the tort of invasion of privacy because the fact that the debtor has failed to pay "a relatively *de minimis* debt" would not be considered "highly offensive to a reasonable person." *Id.* at 64–65 (classifying debts as large as $482.28 as "*de minimis*"). Third, a debtor's fear that a mailing vendor might disclose the debtor's information to additional third parties is "speculative" and thereby presents an insufficient risk of future harm to establish standing. *Id.* at 64.

6

Defendant also asserts that Plaintiff's conclusory allegations of "actual damages" and "compensable harm" are sufficient to confer standing. *See* ECF No. 8 at 2 (citing ECF No. 1-2 ¶¶ 65, 68). However, Plaintiff makes these allegations solely as part of his negligence claims and not as part of his FDCPA claims. *See* ECF No. 1-2 ¶¶ 65, 68. Additionally, since Plaintiff's negligence claims are based solely on the mailing vendor theory, such conclusory allegations of harm do not establish standing for the reasons described above. *See id.* ¶¶ 65–66, 75–76.

Plaintiff's allegation that Defendant violated the FDCPA by mailing two letters labeled "**FIRST NOTICE**" about the same debt also does not demonstrate the concrete harm necessary to establish standing. *See* ECF No. 1-2 ¶¶ 93–122. Plaintiff merely alleges that these letters would have been confusing to the "least sophisticated consumer." *See* ECF No. 1-2 ¶¶ 99, 107–09, 118–20. However, Plaintiff "does not allege that the wording confused or distressed him, let alone that he relied on it to his detriment in any way." *Ciccone v. Cavalry Portfolio Servs., LLC*, No. 21-cv-2428, 2021 WL 5591725, at *5 (E.D.N.Y. Nov. 29, 2021). Even if Plaintiff were to allege that Defendant's letters confused him personally, such an allegation would not confer standing "because the state of confusion is not itself an injury [for purposes of Article III]." *Clarke v. McCabe, Weisburg & Conway, LLC*, No. 22-cv-3289, 2022 WL 3030347, at *2 (E.D.N.Y. Aug. 1, 2022) (internal quotation marks omitted) (alteration in original).

## II.     The Court Lacks Supplemental and Diversity Jurisdiction Over Plaintiff's State Law Claims.

The Court cannot exercise supplemental jurisdiction over Plaintiff's negligence claims and claims under New York's General Business Law because the Court lacks jurisdiction over Plaintiff's FDCPA claims. *See Cavazzini*, 574 F. Supp. 3d at 145 (remanding claims for violation of Section 349 of the New York General Business Law). Furthermore, the Court could not exercise diversity jurisdiction over these claims even if Defendant had alleged such

7

jurisdiction in its notice of removal. *See* ECF No. 1. The Second Circuit has confirmed that *TransUnion's* concrete harm requirement applies when a plaintiff brings state law claims in federal court. *See Maddox*, 19 F.4th at 64. Since Plaintiff's state law claims are all based on Defendant's sharing of Plaintiff's information with Defendant's mailing vendor, the lack of concrete harm associated with Plaintiff's FDCPA claims applies to these claims as well. *See* ECF No. 1-2 ¶¶ 42, 64, 67, 76; *see also Aponte v. Ne. Radiology, P.C.*, No. 21-cv-5883, 2022 WL 1556043, at *2–3, *5 (S.D.N.Y. May 16, 2022) (applying *TransUnion's* standing requirements to dismiss claims for ordinary negligence, negligence *per se*, and violations of the New York General Business Law).

The Court further lacks diversity jurisdiction over Plaintiff's state law claims because they do not satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a). Plaintiff has expressly limited his alleged damages for his state law claims "to the jurisdictional limits" of the Civil Court of the City of New York, Queens County. ECF No. 1-2 at 14–15. That jurisdictional limit is only $50,000. N.Y. Const. art. VI, § 15(b). Plaintiff's damages therefore cannot possibly exceed $75,000, as required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

### III. The Court Declines to Impose Fees and Costs on Defendant.

The Court declines Plaintiff's request to impose on Defendant the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see* ECF No. 6 at 1. "'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.'" *Tamm v. Cincinnati Ins. Co.*, 858 F. App'x 412, 413 (2d Cir. 2021) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). The Supreme Court's decision in *TransUnion* was less than a year old when Defendant removed this case, and the decision's impact on the

8

standing jurisprudence in this District and the Second Circuit is still evolving. The Court will not penalize Defendant for not having been aware of "the complexity of the law" in this area and its application to the mailing vendor theory that forms the basis for Plaintiff's claims. *See Goldman v. Grand Living II, LLC*, No. 21-cv-1028, 2021 WL 4033277, at *6 (E.D.N.Y. Sept. 3, 2021).

## CONCLUSION

For the foregoing reasons, Plaintiff lacks standing to assert his claims in this Court, and the Court therefore cannot exercise removal jurisdiction under 28 U.S.C. § 1441. The Clerk of Court is therefore respectfully directed to remand this case to the Civil Court of the City of New York, Queens County pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

          */s/ Hector Gonzalez*
          HECTOR GONZALEZ
          United States District Judge

Dated: Brooklyn, New York
       August 18, 2022